STATE OF NORTH CAROLINA v. JAMES LEWIS ROBERTS
AND THOMAS EDWARD TILLMAN

No. 7225SC581

(Filed 22 November 1972)

1. Criminal Law § 21; Indictment and Warrant § 1— denial of preliminary hearing — no error

   The trial court in an armed robbery case did not commit error in denying defendants' motion to quash the bill of indictment returned against them on the grounds that they had been denied a preliminary hearing.

2. Criminal Law § 113— two defendants — jury instructions as to guilt of each — no error

   The trial court's charge, considered as a whole, clearly and properly instructed the jury that under the evidence in the case they could find one or both of the defendants guilty or not guilty.

APPEAL by defendants from *Grist, Judge,* 9 February 1972 Session of Superior Court held in CATAWBA County for the trial of criminal cases.

Defendants were arrested on 23 December 1971 on warrants charging them with armed robbery. The warrants were returnable before the District Court in Hickory on 28 January 1972. On 10 January 1972 defendants, who were adjudged to be indigents, were assigned counsel. At the January 1972 Session of Superior Court held in Catawba County, true bills of indictment, proper in form, were returned against each of the defendants charging them with the felony of armed robbery. These bills of indictment were returned prior to 28 January 1972. On 28 January 1972 the district court judge found that the Grand Jury had already returned a true bill of indictment against each defendant charging him with the crime of armed robbery as contained in the warrants and held that, therefore, the defendants were not entitled to a preliminary hearing. At the 9 February 1972 Session of Superior Court held in Catawba County, the defendants pleaded not guilty and were found guilty of the lesser included offense of common-law robbery. From the judgment of imprisonment imposed, the defendants appealed, assigning error.

---

State v. Roberts

---

*Attorney General Morgan and Assistant Attorney General Weathers for the State.*

*James M. Gaither, Jr., for James Lewis Roberts, defendant appellant.*

*E. Fielding Clark, II, for Thomas Edward Tillman, defendant appellant.*

MALLARD, Chief Judge.

[1]  The defendants' first assignment of error is that the court erred in refusing to grant their motion to quash the indictment on the grounds that they were denied a preliminary hearing after a date had been designated for such hearing.

The purpose of a preliminary hearing is to effect a release for one who is held in violation of his rights. *State v. Davis,* 253 N.C. 86, 116 S.E. 2d 365 (1960), *cert. denied,* 365 U.S. 855, 5 L.Ed. 2d 819, 81 S.Ct. 816. Inasmuch as the Grand Jury had already returned a true bill of indictment against each defendant on the same charge of armed robbery as contained in the warrants, there was nothing for the district judge to determine on 28 January 1972 at a hearing on the warrants. This court held in the case of *State v. Pitts,* 10 N.C. App. 355, 178 S.E. 2d 632 (1971), *cert. denied,* 278 N.C. 301, that:

> "A preliminary hearing is not an essential prerequisite to the finding of a bill of indictment. *State v. Hartsell,* 272 N.C. 710, 158 S.E. 2d 785 (1968). A defendant who is tried on a bill of indictment, as this defendant was, is not entitled to a preliminary hearing on the bill of indictment as a matter of right. 4 Strong, N. C. Index 2d, Indictment and Warrant, § 1, p. 335. * * * "

See also, *Gasque v. State,* 271 N.C. 323, 156 S.E. 2d 740 (1967), *cert. denied,* 390 U.S. 1030, 20 L.Ed. 2d 288, 88 S.Ct. 1423. The district judge was correct in ruling on the question of bond for the defendants and in declining to conduct a preliminary hearing. The superior court judge did not commit error in denying the motion of the defendants to quash the bill of indictment on the grounds that they had been denied a preliminary hearing.

[2]  In their only other assignment of error, the defendants contend that the trial judge did not make it clear to the

jury that one of the defendants could be found guilty and the other not guilty. This contention is without merit. When the charge is read and considered as a whole, we think that the judge clearly and properly instructed the jury that under the evidence in this case they could find one or both of the defendants guilty or not guilty.

In the trial we find no prejudicial error.

No error.

Judges BROCK and BRITT concur.